K. AMANDA WILSON, D.D.S., M.D.S., Petitioner-Appellant,
v.
BOARD OF DENTAL EXAMINERS, Respondent-Appellee.
No. 28399.
Intermediate Court of Appeals of Hawaii.
May 21, 2009.
On the briefs:
Stanley E. Levin and Susan K. Dorsey (Davis Levin Livingston Grande) for Petitioner-Appellant.
David A. Webber, Lei S. Fukumura, and Deborah Day Emerson, Deputy Attorneys General, State of Hawai`i, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., NAKAMURA, and FUJISE, JJ.
Petitioner-Appellant K. Amanda Wilson (Wilson) appeals from the "Decision and Order Affirming Board's Final Order, Filed July 7, 2006" and "Judgment" both entered by the Circuit Court of the First Circuit[1] (circuit court) on January 3, 2007, which affirmed the decision of Respondent-Appellee Board of Dental Examiners (Board) to deny Wilson's application for license to practice dentistry in the State of Hawai`i.
Wilson originally applied for Hawai`i licensure in 2004 but did not receive a passing score on her dental examination. The following year, however, applicants had limited access to licensure via examination because the Board was in the process of adopting a new exam. To cover the interim period before the new exam was adopted, the legislature provided several alternate pathways to licensure by enacting Act 121, 2005 Haw. Sess. L. 320, which was codified as Hawaii Revised Statutes (HRS) § 448-10 (Supp. 2005) .[2] Wilson actively lobbied for Act 121.
In June 2005, Wilson applied for a dental license pursuant to HRS § 448-10 (c) (3) (Supp. 2005), a provision that allowed a dental specialist, such as an orthodontist, to bypass the traditional exam and receive a Hawai`i license by virtue of his or her credentials (licensure-by-credentials statute). The Board denied Wilson's application, reasoning that her three-year graduate orthodontics studies in Connecticut, which concluded in 2004, did not count towards the HRS § 448-10(c)(3)(C)(iv) requirement of "[h]aving been lawfully engaged in the practice of dentistry for at least three years preceding the date of the application [.]" The Board concluded that this provision "require[s] an applicant to be licensed, practicing independently and outside of the academic arena, bearing primary responsibility for the patient's safety."
Although the Board accepted Wilson's ten months of licensed practice as an orthodontist in California from August 2004 to June 2005, it is undisputed that Wilson would not fulfill the three-year practice-of-dentistry requirement if her graduate training was excluded. The licensure-by-credentials statute, HRS § 448-10(c)(3), was automatically repealed four months after its enactment, when the Board adopted a new dental examination in October 2005.
Wilson appealed to the circuit court, arguing that the Board erred because under the statute generally defining "[d]entistry[,] " HRS § 448-1 (1993),[3] "[a] person practices dentistry, within the meaning of this chapter" when, among other things, he or she "engages in any of the practices included in the curricula of recognized and approved dental schools or colleges." Thus, Wilson contended, when HRS §§ 448-1 and 448-10 are read together, her graduate studies in Connecticut constituted the practice of dentistry under Hawai`i law.
The circuit court affirmed, reasoning that the Board's interpretation of HRS § 448-10 (c) (3) (C) (iv) was "not palpably erroneous" because the statute "does not derive meaning from HRS § 448-1 regarding the requirements of post-graduate degrees or lawful practice outside the state which are independent qualifications to meet the licensure by credentials criteria[.]"
Wilson advances the following points of error:
(1) "The [c]ircuit [c]ourt erred by affirming the Board's final order on grounds that the statutory interpretation of HRS § 448-10 excluded [Wilson] from licensure by credential" because "as a licensed dentist in a graduate specialty, she satisfie[d] the definition of the `practice of dentistry' for purposes of the credentialing statute";
(2) "The circuit court erred by affirming an agency decision that contravenes the legislature's manifest purpose" (formatting altered) because "[t]hroughout the agency and circuit court proceedings below, [Wilson] contended that she wrote the bill that eventually became Act 121. As she was the source of the amendment, it is inconceivable that her situation was not expressly considered and included"; and
(3) "The circuit court erred by affirming an agency decision that denied [Wilson's] right to due process" (formatting altered) because "the Board was not comprised of impartial adjudicators and therefore they should not have been permitted to determine whether she should receive her dental specialist license by credential" and the circuit court "failed to recognize that `an appearance of impropriety' is the proper standard in evaluating the record in this case."
Upon a careful review of the record and the briefs submitted by the parties, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised, we disagree with Wilson and resolve her points of error as follows:

A.
The circuit court did not err in affirming the Board's final order. Initially, Wilson misconstrues HRS § 448-1 (1993), which broadly defines the practices, acts, and operations that constitute "[d]entistry" over which the Board has regulatory authority and which require Hawai`i licensure. HRS § 448-2 (1993). Although HRS § 448-1 states that a person "practices dentistry" if, among other things, he or she "engages in any of the practices included in the curricula of recognized and approved dental schools or colleges [,] " HRS § 448-1, on its face, does not state, as Wilson argues, that practices, acts, and operations engaged in as part of a clinical graduate dental school curriculum qualify as "lawfully engag[ing] in the practice of dentistry" for purposes of HRS § 448-10 (c) (3).
As such, the Board did not palpably err in concluding that Wilson did not meet the HRS § 448-10 (c) (3) (C) (iv) requirement of "[h]aving been lawfully engaged in the practice of dentistry for at least three years preceding the date of the application [ .] " See Aio v. Hamada, 66 Haw. 401, 407, 664 P.2d 727, 731 (1983) ("[W]here an administrative agency is charged with the responsibility of carrying out the mandate of a statute which contains words of broad and indefinite meaning, courts accord persuasive weight to administrative construction and follow the same, unless the construction is palpably erroneous.").

B.
The Board's final order does not contravene the legislature's manifest purpose. HRS § 448-10 (c) (3) was not enacted to guarantee Wilson's Hawai`i licensure. Rather, the legislature enacted the licensure-by-credentials statute in June 2005, along with other options, as an interim measure to bypass the Hawai`i dental exam and provide applicants with alternate pathways to licensure until the Board approved a new exam. See 2005 Haw. Sess. Laws Act 121, § 7 at 323 ("[O]n the date that the board of dental examiners approves the American Board of Dental Examiners (ADEX) examination, section 448-10, [HRS], shall be repealed."); Conf. Comm. Rep. No. 42, in 2005 Senate Journal, at 997 (stating that Act 121 was enacted "to give Hawai`i's citizens greater access to appropriate dental care and to assure that applicants for licensure as dentist are not deprived of the opportunity to take an examination for an indefinite or extended period of time").
Although Wilson may have actively lobbied for Act 121, her personal comments have no persuasive authority. See Gillan v. Gov't Employees Ins. Co., 119 Hawai`i 109, 121, 194 P.3d 1071, 1083 (2008) ("Stray comments by individual legislators, not otherwise supported by statutory language or committee reports, cannot be attributed to the full body that voted for the bill.") (internal quotation marks and brackets omitted); Dines v. Pac. Ins. Co., 78 Hawai`i 325, 332, 893 P.2d 176, 183 (1995) ("[L]egislative studies by nonmembers of the legislature do not have the probative value of committee reports or debates for purposes of establishing `legislative intent.'").

C.
There were no deficiencies in the Board's review process. As the hearings officer for Wilson's contested case hearing concluded, "there was no evidence to substantiate [Wilson's] suggestion that the Board denied her license application in retaliation for her involvement in the passage of the law providing for licensure by credential (Act 121)." Moreover, Wilson had a full and fair opportunity to appeal the Board's decision to the circuit court and pursue a secondary appeal before this court.
Therefore, the January 3, 2007 "Decision and Order Affirming Board's Final Order, Filed July 7, 2006" and the January 3, 2007 "Judgment" are hereby affirmed.
NOTES
[1] The Honorable Eden Elizabeth Hifo presided.
[2] At the time Wilson applied, HRS § 448-10 (Supp. 2005) stated, in part:

Examination; time. [This section shall be repealed on the date that the board of dental examiners approves the American Board of Dental Examiners (ADEX) examination. L 2005, c 121, §7. See also note below.] (a) Except as provided in subsection (c), the board shall require all applicants to take the state written and practical examination on dentistry.... Two examinations shall be held each calendar year.
....
(c) If the board determines that two state written and practical examinations on dentistry will not be or have not been administered pursuant to subsection (a) during the calendar year, an applicant shall be eligible for licensure under this chapter:
(1) If the applicant takes one of the following four regional examinations given between February 1, 2004 and the date of availability of the American Board of Dental Examiners (ADEX) examination, by:
(A) The Western Regional Examining Board;
(B) The Central Regional Dental Testing Service, Inc.;
(C) The Southern Regional Testing Agency, Inc.; or
(D) The North East Regional Board of Dental Examiners, and passes it;
(2) If the applicant takes and passes the American Board of Dental Examiners (ADEX) examination approved by the board; or
(3) By credential under this paragraph if the applicant is a dental specialist and:
(A) Has graduated from an accredited dental specialty education program in orthodontics, endodontics, pedodontics, periodontics, oral surgery, oral radiology, public health dentistry, or oral medicine/oral pathology;
(B) Submits to the board a completed application and all required fees;
(C) Submits to the board verification of:
(i) Graduation from a general dental education program ...;
(ii) Graduation from a post-graduate specialty program ...;
(iii) A current active license issued by another state that is not revoked, suspended, or otherwise restricted;
(iv) Having been lawfully engaged in the practice of dentistry for at least three years preceding the date of the application, with a minimum of one thousand hours of dentistry practice each year;
(v) Completion of a minimum of thirty-two hours of continuing education in the applicant's dental specialty within the preceding two-year period;
(vi) Not having been subject to disciplinary action by any jurisdiction in which the applicant is or has been previously licensed to practice dentistry...;
(vii) Not having any felony convictions of any kind and having no other criminal convictions...;
(viii)Registration status with the federal Drug Enforcement Administration and submits a self-query report from the National Practitioner Data Bank...; and
(ix) Passage of parts I and II of the National Board Dental Examination; and
(D) Agrees to practice only as a dental specialist, within the area of the applicant's specialization.
(Emphases added.)
[3] At the time Wilson applied, HRS § 448-1 (1993) stated, in relevant part:

Dentistry defined; exempted practices. A person practices dentistry, within the meaning of this chapter, who represents oneself as being able to diagnose, treat, operate or prescribe for any disease, pain, injury, deficiency, deformity, or physical condition of the human teeth, alveolar process, gums, or jaw, or who offers or undertakes by any means or methods to diagnose, treat, operate or prescribe for any disease, pain, injury, deficiency, deformity, or physical condition of the same, or to take impressions of the teeth or jaws; or who owns, maintains, or operates an office for the practice of dentistry; or who engages in any of the practices included in the curricula of recognized and approved dental schools or colleges.
Dentistry includes that part of health care concerned with the diagnosis, prevention, and treatment of diseases of the teeth, oral cavity, and associated structures including the restoration of defective or missing teeth. The fact that a person uses any dental degree, or designation, or any card, device, directory, poster, sign, or other media whereby one represents oneself to be a dentist, shall be prima facie evidence that the person is engaged in the practice of dentistry.
(Emphases added. )